1    Michelle Van Dyke, Esq. (SBN 171477)
     SHEWRY & VAN DYKE, LLP
2    402 West Broadway, Suite 950
     San Diego, CA 92101-8504
3    Telephone: (619) 233-8824
     Facsimile: (619) 233-1002

4

5    Attorneys for Plaintiff CHRISTOPHER WILLIAMS

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10   CHRISTOPHER WILLIAMS, an individual,)   CASE NO. '08 CV 1452 IEG AJB
     on behalf of himself and all others similarly )
11   situated,                           )   CLASS ACTION
                                         )
12           Plaintiff,                   )   PLAINTIFF CHRISTOPHER
                                         )   WILLIAMS'S COMPLAINT FOR
13   vs.                                  )   VIOLATIONS OF:
                                         )
14   PORTFOLIO RECOVERY ASSOCIATES, )        (1) FEDERAL FAIR DEBT
     LLC, a Limited Liability Company; and )  COLLECTION PRACTICES ACT; AND
15   DOES 1-10 inclusive,                 )
                                         )   (2) CALIFORNIA FAIR DEBT
16           Defendants.                   )   COLLECTION PRACTICES ACT
                                         )
17   _____)   DEMAND FOR JURY TRIAL

18

19       The Plaintiff, CHRISTOPHER WILLIAMS, on behalf of himself and all others similarly

20   situated, based upon information and belief, and demanding a trial by jury, for his complaint states

21   as follows:

22                                        I.

23                            PRELIMINARY STATEMENT

24       1.      Plaintiff CHRISTOPHER WILLIAMS (Plaintiff or "WILLIAMS"), on behalf of

25   themselves and on behalf of the class they seek to represent, and demanding a trial by jury, bring this

26   action in connection with the collection of debts in violation of the Fair Debt Collection Practices

27   Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the California's Rosenthal Fair Debt Collection

28   Practices Act, Cal. Civ. Code §§ 1788 et seq. ("RFDCPA").

FILED

2008 AUG -8 PM 4: 03

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

**PLAINTIFF's COMPLAINT FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

2.     The FDCPA regulates the behavior of collection agencies attempting to collect defaulted debts initially allegedly incurred to another.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. § 1692(a) - (e)].

3.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.  The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer.

4.     To prohibit deceptive practices the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct.  15 U.S.C. § 1692e(1)-(16).  Among these per se violations prohibited by that section are:  false representations as to the character, amount, or legal status of a debt [15 U.S.C. § 1692e(2)(A)]; false threats to take actions that cannot legally be taken or intended to be taken [15 U.S.C. § 1692e(5)]; and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer [15 U.S.C. § 1692e(10)].

5.     The FDCPA also prohibits, at 15 U.S.C. § 1692f, attempts to collect charges not authorized by law or agreement.

6.     The FDCPA also prohibits the overshadowing or contradiction of a least sophisticated debtors 30-day dispute rights as set forth at 15 U.S.C. § 1692g.  Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222 (9th Cir.1988).

/././

/././

**PLAINTIFF's COMPLAINT  FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

7.    The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependant upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

8.    The Plaintiff, on behalf of himself and all others similarly situated, seeks actual damages, statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RFDCPA and all other common law or statutory regimes. The Plaintiff also requests that the Defendant and the class members be awarded statutory, common law, or actual damages payable by the Defendant.

9.    This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## II.

## PARTIES

10.    Plaintiff, CHRISTOPHER WILLIAMS, is a natural person who at all times relevant to this complaint resided in the City of San Diego, San Diego County, California.

11.    Plaintiff WILLIAMS is, and at all times relevant to this complaint was, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.    Plaintiff WILLIAMS is, and at all times relevant to this complaint was, a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

/././

/././

/././

**PLAINTIFF's COMPLAINT FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

13.    Plaintiff WILLIAMS is alleged to have incurred financial obligations for primarily personal, family, or household purposes to ARROW FINANCIAL SERVICES/GOOD GUYS, which are, therefore, "debts" as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

14.    Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant" or "PRA"), is a limited liability company organized, existing, and conducting business pursuant to the laws of the State of Delaware.  Defendant PRA maintains its principal place of business at 120 Corporate Boulevard, City of Norfolk, Commonwealth of Virginia 23502.  PRA is registered with the Secretary of the State of California to do business within this State and judicial district.

15.    Defendant PRA collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.  Hence, Defendant PRA is, at all times relevant to this complaint, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), Cal. Civ. Code § 1788.2 (as incorporated by Cal. Bus. & Prof. Code § 6077.5).

16.    The Defendants, DOES 1 through 10, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiffs at this time.  When said true names and capacities are ascertained, Plaintiff wills amend this complaint by inserting same.

17.    Plaintiffs are informed and believe and on that basis thereon allege that Defendants, DOES 1 through 10, are natural persons and/or business entities all of who reside or are located within the United States.  Said Defendants personally encouraged and acted in concert with PRA to collect a the alleged debt underlying this suit.

### III.

### JURISDICTION & VENUE

18.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Supplemental jurisdiction for Plaintiffs' state law claims arises under 28 U.S.C. § 1367.  Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

/./.

/./.

4

**PLAINTIFF's COMPLAINT  FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

19.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the Plaintiffs' claims alleged herein occurred within this federal judicial district. Venue is also appropriate insofar as the Plaintiffs reside within this federal judicial district, and the Defendant regularly transact business within this federal judicial district.

## IV.

### FACTS REGARDING PLAINTIFF CHRISTOPHER WILLIAMS

20.     Plaintiff was alleged in July of 2000 to have incurred a debt to a retail store known as "Good Guys" for the purchase of electronic equipment primarily for personal, family, or household purposes. The debt was alleged to have been incurred on a "Good Guy's" credit card (funded by Household Bank) that initially had a credit limit of $2000.00.

21.     An alleged debt of $2000.00 was incurred on or about July 27, 2000.

22.     Plaintiff continued to make payments, as agreed, on the credit account.

23.     On or about January 2, 2002, Good Guys sent to Plaintiff a bill listing a total balance of $56.53, which included late charges and finance assessments. On or about February 12, 2002, Good Guys received the total claimed balance owed. On or about March 7, 2002 Good Guys nevertheless billed Plaintiff an additional late charge of $25.00 and finance assessment of $1.00 to claim a new balance of $52.00. This balance was disputed.

24.     The alleged date of default, therefore, was the date of the last payment received, or February 12, 2002.

25.     On or about July 11, 2003, ARROW FINANCIAL SERVICES, LLC ("ARROW") informed Plaintiff in writing that it had purchased the alleged debt and alleged a total amount owed of $367.88. On August 31, 2003 Plaintiff disputed this debt in writing. ARROW FINANCIAL SERVICES, LLC continued to collect on the account and Mr. WILLIAMS was forced to send yet another dispute letter, this time on September 21, 2003.

26.     ARROW never responded to the September 21, 2003 letter of dispute, so Mr. WILLIAMS sent yet another dispute letter on February 1, 2004.

27.     Sometime in or about November of 2004 a debt collector named RIDDLE & ASSOCIATES, P.C. began collection on the debt now owned by ARROW.

5

**PLAINTIFF's COMPLAINT  FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

28.   On or about November 4, 2004 Mr. WILLIAMS sent to RIDDLE & ASSOCIATES, P.C. a letter of dispute.

29.   On August 8, 2007, PRA sent its initial letter to Plaintiff. Attached as Exhibit "A" and incorporated herein by this reference is a true and correct copy of PRA's initial letter. In its initial letter, PRA made a demand for payment of what it considered to be the full amount of the alleged debt, but on a payment schedule of 8 months. In its letter, PRA stated it now owned the dent, having purchased the account on May 27, 2007.

30.   The information contained in this "limited time" offer to pay the entire amount of the debt, was placed in several boxes on the top half of the letter, with the "E-Z Pay Program Details" in a shaded, or colored, box. The mandatory 30-day dispute rights [See 15 U.S.C. § 1692g] were also contained in the letter, but were overshadowed by the size of the font and other graphics of the "E-Z Pay" limited time offer, drawing the consumer's attention away from, and contradicting, the 30-day rights required under the FDCPA and RFDCPA.

31.   Plaintiff is informed, and believes, and on that basis thereon alleges that the letter attached as "Exhibit A" is a form letter in that save for the debtor and account information and amounts of installment payments under the "E-Z Pay" plan. Plaintiff is informed, and believes, and on that basis thereon alleges that within the year preceding the filing of this complaint, the letter attached as "Exhibit A" was sent to thousands of consumers within the United States and its territories. The Plaintiff is informed, and believes, and on that basis thereon alleges that the portions of the letter alleged to constitute debt collection practices violations were included in the letters sent to other consumers. Plaintiff alleges that these letters misled the least sophisticated consumer in several respects.

32.   Exhibit A also purports to be an offer of a "limited time" allowing alleged debtors to pay the entire amount of the alleged debt. PRA used false, deceptive, or misleading tactics in order to attempt to dupe Plaintiff and other consumers into believing they had to act on this "limited time" offer to pay the "debt in full," when in fact PRA would have accepted the full amount of the alleged debt at any time during the pendency of its ownership of the debt. Indeed, Plaintiff is

/./.

**PLAINTIFF's COMPLAINT FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

1    informed, and believes, and on that basis thereon alleges that PRA would have also accepted

2    substantially similar payment agreements if an alleged debtor promised to pay the entire amount of

3    the alleged debt, irrespective of when this agreement was made.

4         33.    Attached hereto as Exhibit B and incorporated herein by this reference is a true and

5    correct copy of a letter and affidavit sent to Plaintiff by PRA in response to his demand for validation

6    of the alleged debt. In said affidavit of Connie Washington, Administrative Manager for PRA, PRA

7    represents to Plaintiff that the full amount of the alleged debt was $358.68. However, as more fully

8    set forth in Exhibit A, PRA attempts without explanation to collect from Plaintiff $360.00, more than

9    the amount allegedly due and owing. This conduct, essentially admitted under oath, amounts to a

10   violation of 15 U.S.C. § 1692e(2)(A) and is also unfair and unconscionable under 15 U.S.C.

11   §1692f(1).

12        34.    Furthermore, despite being in receipt of the "account records," review of which

13   presumably forms the basis of the affidavit of Connie Washington attached at Exhibit B, PRA

14   reported to the Experian credit reporting agency that the date this account was open was May 1,

15   2007. The date of default of this account, as more fully set forth above, was allegedly February 12,

16   2002. In "re-aging" this debt, PRA attempts to keep the trade line open on Mr. WILLIAMS's credit

17   report past the 7 year maximum statutory period [15 U.S.C. §1681c(a)(4)]. Such conduct constitutes

18   a violation of 15 U.S.C. §1629e(8), in addition to certain portions of the federal Fair Credit

19   Reporting Act and the California Consumer Reporting Agencies Act.

**V.**

**POLICIES AND PRACTICES COMPLAINED OF**
**(As to Class Claims)**

23        35.    It is the policy and practice of Defendant PRA to send written collection

24   communications, in the form attached hereto as Exhibit "A" make false and misleading

25   representations as to the character, amount, or legal status of debts in violation of 15 U.S.C. § 1692e.

26   /././

27   /././

28   /././

Z:\Williams v. Arrow
Financial, LLC
(206-890)\Pleadings\
Complaint.wpd

**PLAINTIFF's COMPLAINT FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

36.    It is the policy and practice of Defendant PRA to send written collection communications, in the form attached hereto as Exhibit "A" that constitute an unfair or unconscionable means to collect a debt in amounts not expressly authorized by agreement or law in violation of 15 U.S.C. § 1692f.

37.    It is the policy and practice of Defendant PRA to send written collection communications, in the form attached hereto as Exhibit "A" that grossly overshadow and contradict consumers' rights as set forth at, and in violation of, 15 U.S.C. § 1692g.

38.    It is the policy and practice of Defendant PRA to send written collection communications to consumers in the State of California, in the form attached hereto as Exhibit "A" which violate the RFDCPA.

## VI.

## CLASS ALLEGATIONS

39.    Certain of the claims alleged herein are brought as a class action. The Plaintiff brings this action on behalf of himself, and on behalf of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40.    The Class consists of all persons in the United States of America, including its possessions and territories who received from Defendant PRA the collection communication attached hereto as Exhibit "A" within the one year immediately preceding the filing of this complaint.

A.    Within this Class there exists a subclass of all persons residing within the State of California who received from Defendant PRA the collection communication attached hereto as "Exhibit A" within the one year immediately preceding the filing of this complaint. This subclass exists as a mechanism to allow California consumers to also recover statutory penalties under the RFDCPA for receipt of the violative letter attached as "Exhibit A."

41.    The identities of all members of the Class are readily ascertainable from the records of Defendant PRA and those companies and governmental entities on whose behalf the Defendant attempt to collects debts.

/././

Z:\Williams v. Arrow
Financial, LLC
(206-890)\Pleadings\
Complaint.wpd

**PLAINTIFF's COMPLAINT FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

1    42.    Excluded from the class are all managers and directors of Defendant PRA, its

2    employees and officers, and their respective immediate families, and legal counsel for all parties to

3    this action and all members of their immediate families.

4    43.    For all claims, the class period is one year prior to the filing of the complaint in this

5    action.

6    44.    There are questions of law and fact common to the class, which common issues

7    predominate over any issues involving only individual class members.  The principal issues are

8    whether Defendant PRA's form written communications to collect debts from consumers, attached

9    hereto as Exhibit "A" violates 15 U.S.C. §§ 1692e, 1692f, or 1692g; and Cal. Civ. Code §§ 1788,

10    *et seq.*.

11    45.    The Plaintiff's claims are typical of the class members, as all are based upon the same

12    facts and legal theories.

13    46.    The Plaintiff will fairly and adequately protect the interests of the class defined

14    herein.  Plaintiff has retained counsel with experience in handling class actions involving unlawful

15    practices under the FDCPA and RFDCPA.  Neither the Plaintiff nor his attorneys have any interests

16    which might cause them not to vigorously pursue this action.

17    47.    This action has been brought, and may properly be maintained, as a class action

18    pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

19    well-defined community interest in the litigation:

20    a) Numerosity:   The Plaintiff is informed and believes, and on that basis thereon alleges,

21    that the class is so numerous that joinder of all members would be impractical.

22    b) Common Questions Predominate:  Common questions of law and fact exist as to all

23    members of the Plaintiff class and those questions predominate over any questions or issues

24    involving only individual class members.  The principal issues are:

25    (i)    Whether Defendant PRA's written communication, in the form attached \

26    hereto as Exhibit "A" violates the FDCPA and RFDCPA by making statements, which are false,

27    deceptive, and misleading in an attempt to collect a debt or to otherwise obtain information

28    concerning a consumer;

9

**PLAINTIFF's COMPLAINT  FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

1         (ii)    Whether Defendant PRA's written communication, in the form attached

2    hereto as Exhibit "A" violates the FDCPA and RFDCPA by attempting to collect sums to which it

3    is not legally entitled;

4         (iii)    Whether Defendant PRA's written communications, in the form attached

5    hereto as Exhibit "A" constitutes an unfair or unconscionable means to collect or attempt to collect

6    any debt in violation the FDCPA and RFDCPA.

7         (iv)   Whether Defendant PRA's written communication, in the form attached

8    hereto as Exhibit "A" violates the FDCPA and RFDCPA by contradicting or grossly overshadowing

9        c)    Typicality:  The Plaintiff's claims are typical of the claims of the class members

10    alleged herein.  The Plaintiff and all members of the Plaintiff classes have claims arising out of

11    Defendant PRA's common course of conduct complained of herein.

12        d)    Adequacy:  The Plaintiff will fairly and adequately protect the interests of the class

13    members insofar as the Plaintiff has no interests that are adverse to the absent class members.  The

14    Plaintiff is committed to vigorously litigating this matter.  Plaintiff has also retained counsel

15    experienced in handling class action claims involving unlawful debt collection practices.  Neither

16    the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue

17    the instant class action lawsuit.

18        e)    Superiority:  A class action is superior to the other available means for the fair and

19    efficient adjudication of this controversy because individual joinder of all members would be

20    impracticable.  Class action treatment will permit a large number of similarly situated persons to

21    prosecute their common claims in a single forum efficiently and without unnecessary duplication of

22    effort and expense that individual actions would engender.  An important public interest will be

23    served by addressing the matter as a class action, substantial expenses of the litigants and of the

24    judicial system will be saved, and any potential inconsistent or contradictory adjudications will be

25    avoided.

26        48.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure

27    is also appropriate in that:

28    /././

Z:\Williams v. Arrow
Financial, LLC
(206-890)\Pleadings\
Complaint.wpd

**PLAINTIFF's COMPLAINT  FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

1    (a)    The questions of law and fact common to the members of the class predominate over

2  any questions affecting an individual member; and

3    (b)    A class action is superior to other available methods for the fair and efficient

4  adjudication of the controversy.

5    49.    Plaintiffs request certification class under Rule 23(b)(3).

6                                                **VII.**

7                                     **FIRST CLAIM FOR RELIEF**
                        **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
8                             **(BY PLAINTIFF ONLY AGAINST ALL DEFENDANTS)**

9    50.    Plaintiff realleges and incorporates by reference the allegations, as more fully set

10  forth above, at Paragraphs One (1) through Eighty-One (81) of this Complaint as if set forth at length

11  herein.  This claim for relief is by Plaintiff, individually, as against PRA and all DOE defendants.

12    51.    Defendant PRA and the DOE defendants, and each of them, violated the FDCPA.

13  The Defendant violated the FDCPA by attempting to collect from Plaintiff more money than that to

14  which it was entitled.  PRA's actions constitute violations of 15 U.S.C. § 1692e and 1692f.

15                                    **SECOND CLAIM FOR RELIEF**
                        **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
16                              **(CLASS CLAIM AGAINST DEFENDANT PRA)**

17    52.    Plaintiff realleges and incorporates by reference the allegations, as more fully set

18  forth above, at Paragraphs One (1) through Eighty-Three (83) of this Complaint as if set forth at

19  length herein.  This claim for relief is by Plaintiff, individually, and on behalf of all members of the

20  general public similarly situated (the "Class") as against PRA.

21    53.    Defendant PRA violated the FDCPA.  The Defendant's violations related to its

22  written communication in the form attached hereto as Exhibit "A" include, but are not limited to, the

23  following:

24    (a)    Making false, deceptive, and misleading representations as to the true character,

25  amount, or legal status of the debt actually owed (i.e. attempting collection of larger amounts than

26  actually owed according to the records of Defendant's predecessor in interest) in violation of 15

27  U.S.C. § 1692e.

28  /././

                                                  11

**PLAINTIFF's COMPLAINT  FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

(b)     Using false, deceptive, and misleading representations as to the limited time nature of the terms of PRA's offer to allow an alleged debtor to pay the alleged debt in full in violation of 15 U.S.C. § 1692e.

(c)     Using an unfair and unconscionable means to collect a debt in an amount not expressly authorized by agreement or permitted by law (i.e. larger amounts than verified by PRA's predecessor-in-interest) in violation of 15 U.S.C. § 1692f.

(d)     Grossly overshadowing and contradicting consumers' right to dispute a debt within 30-days by providing an "offer" to settle on favorable "limited time" terms written in significantly larger font, bolded, and within a colored graphic box, all in violation of 15 U.S.C. § 1692g.

**THIRD CLAIM FOR RELIEF**
**VIOLATIONS OF THE CALIFORNIA'S ROSENTHAL FAIR DEBT**
**COLLECTION PRACTICES ACT**
**(BY PLAINTIFF ONLY AGAINST ALL DEFENDANTS)**

54.    .  Plaintiff realleges and incorporates by reference the allegations, as more fully set forth above, at Paragraphs One (1) through Eighty-Five (85) of this Complaint as if set forth at length herein.  This claim for relief is by Plaintiff, individually, as against PRA and the DOE defendants.

55.     Defendant PRA and the DOE defendants violated Cal. Civ. Code § 1788.17 by engaging in the conduct alleged above to constitute a violation of the FDCPA, in particular the legal violations alleged in the first claim for relief.

**FOURTH CLAIM FOR RELIEF**

**VIOLATIONS OF THE CALIFORNIA'S ROSENTHAL FAIR DEBT**
**COLLECTION PRACTICES ACT**
**(CLASS CLAIM AGAINST DEFENDANT PRA)**

56.     Plaintiff realleges and incorporates by reference the allegations, as more fully set forth above, at Paragraphs One (1) through Eighty-Seven (87) of this Complaint as if set forth at length herein.  This claim for relief is by Plaintiff, individually, and on behalf of all others similarly situated, as against PRA.

57.     Defendant PRA violated Cal. Civ. Code § 1788.17 by engaging in the conduct alleged above to constitute a violation of the FDCPA, in particular the legal violations relating to Exhibit A, as more specifically set forth in the second claim for relief above.

12

Z:\Williams v. Arrow
Financial, LLC
(206-890)\Pleadings\
Complaint.wpd

**PLAINTIFF's COMPLAINT  FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

## VII.

## **PRAYER FOR RELIEF**

58.    **WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the putative class as against all Defendants, jointly and severally to the extent jointly sued, as follows:

### A.

### FIRST CLAIM FOR RELIEF
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (PLAINTIFF ONLY AGAINST ALL DEFENDANTS)

A.    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

B.    An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

D.    For such other and further relief as may be just and proper.

### B.

### SECOND CLAIM FOR RELIEF
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (CLASS CLAIM AGAINST DEFENDANT PRA)

A.    An order certifying that this Second Claim for Relief may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and appointing Plaintiff and the undersigned counsel to represent the Class;

B.    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

C.    An award of the maximum statutory damages for the Plaintiff and the class pursuant to 15 U.S.C. § 1692k(a)(B);

D.    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3) and/or under the substantial benefit or common fund doctrine in an amount to be determined according to proof at trial; and

Z:\Williams v. Arrow Financial, LLC (206-890)\Pleadings\ Complaint.wpd

**PLAINTIFF's COMPLAINT  FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

1     E.     For such other and further relief as may be just and proper.

2                                         **C.**

3                           **THIRD CLAIM FOR RELIEF**
                     **VIOLATIONS OF CALIFORNIA'S ROSENTHAL**
4                         **FAIR DEBT COLLECTION**
                         **PRACTICES ACT**
                  **(PLAINTIFF ONLY AGAINST ALL DEFENDANTS)**
5

6     A.     An award of actual damages pursuant to Cal. Civ. Code §1788.30(a) in an amount

7  to be determined according to proof at trial;

8     B.     An award of the maximum statutory damages for Plaintiffs and the class pursuant to

9  Cal. Civ. Code §1788.30(b);

10     C.     Attorney's fees, litigation expenses, and costs pursuant to Cal. Civ. Code §1788.30(c);

11  and

12     D.     For such other and further relief as may be just and proper.

13

14                                        **D.**

15                          **FOURTH CLAIM FOR RELIEF**
                     **VIOLATIONS OF CALIFORNIA'S ROSENTHAL**
16                        **FAIR DEBT COLLECTION**
                         **PRACTICES ACT**
                  **(CLASS CLAIM AGAINST DEFENDANT PRA)**
17

18     A.     An order certifying that this Second Cause of Action may be maintained as a class

19  pursuant to Rule 23 of the Federal Rules of Civil Procedure, and appointing Plaintiff and the

20  undersigned counsel to represent the class;

21     B.     An award of actual damages pursuant to Cal. Civ. Code §1788.30(a) in an amount

22  to be determined according to proof at trial;

23     C.     An award of the maximum statutory damages for the Plaintiffs and the class pursuant

24  to Cal. Civ. Code §1788.30(b);

25     D.     An award of attorney's fees, litigation expenses, and costs pursuant Cal. Civ. Code

26  §1788.30(c), Cal. Code Civ. Proc. § 1021.5, and/or under the substantial benefit or common fund

27  doctrine in an amount to be determined according to proof at trial; and

28  /././

Z:\Williams v. Arrow
Financial, LLC
(206-890)\Pleadings\
Complaint.wpd

14

**PLAINTIFF's COMPLAINT  FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

1    E.    For such other and further relief as may be just and proper.

2

3    DATED: August 8 , 2008              SHEWRY & VAN DYKE, LLP

4                                        By _____

5                                           Michelle Van Dyke,
                                            Attorneys for Plaintiff CHRISTOPHER WILLIAMS
6

7                                        **VIII.**

8                                  **DEMAND FOR JURY TRIAL**

9        **PLEASE TAKE NOTICE THAT** pursuant to the Seventh Amendment to the United States

10   Constitution and Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

11   against the Defendants, and each of them, for each cause of action so triable.

12

13   DATED: August 8 , 2008              SHEWRY & VAN DYKE, LLP

14                                       By _____

15                                          Michelle Van Dyke

16                                          Attorneys for Plaintiff CHRISTOPHER WILLIAMS

17

18

19

20

21

22

23

24

25

26

27

28

Z:\Williams v. Arrow
Financial, LLC
(206-890)\Pleadings\
Complaint.wpd

**PLAINTIFF's COMPLAINT FOR VIOLATIONS OF: (1) FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT; AND (2) CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**

# EXHIBIT "A"

Portfolio Recovery Associates, LLC

| 8/8/2007 | Balance: $380.00* |
| Account/Reference No.: 0216801100508949 | www.portfoliorecovery.com |
| ARROW FINANCIAL SERVICES LLC/GOOD GUYS | |

# E-Z Pay Program

We are pleased to inform you that you have qualified for our "E-Z Pay" Program- a program designed to make it easy for our valued new customers like you to get right on track to satisfying your debt while focusing on your financial goals! Portfolio Recovery Associates purchased the account referenced above on 05/24/07. For a limited time, we are prepared to accept a reduced payment amount of $18.00 during the months of September and October, and then six equal monthly payments of $54.00 to satisfy your debt in full, and put an end to the collection calls and letters on this account forever!

---

**E-Z Pay Program Details**

**End collection calls on this account forever!**

**Use the enclosed coupons to mail payments**
(due in accordance with due dates on coupons)

**September and October - reduced amount of $18.00**

**November through April - regular payments of $54.00**

**Totaling your balance of $360.00***

If you are not able to take advantage of this program at this time, please call our office to discuss other payment arrangements, or select from other payment options on-line

---

## E-Z Pay Advantages:

✓ Coupons enclosed for your convenience

✓ Easy 8 month program

✓ First 2 payments reduced

✓ Debt paid in full and reported to credit bureaus as paid (if reported)

## E-Z Pay Payment Methods:

Pay by Phone 1-866-427-9070
Hours (EST) 8 AM to 10 PM Mon - Thurs , 8 AM to 8 PM Fri , 8 AM to 2 PM Sat

Pay on-line at **www.portfoliorecovery.com**

Use attached slip to pay by credit card

Mail check to: Portfolio Recovery Associates LLC
P.O. Box 12914, Norfolk VA 23541

**We reserve the right to revoke this offer if all payments are not received in accordance with the dates specified in the letter and payment coupons.

*Interest continues to accrue on this account and will accrue until the account is satisfied. The above balance includes interest as of the date of this letter.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This letter is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose

### SEE BACK FOR IMPORTANT INFORMATION

---

*** PLEASE DETACH AND RETURN IN THE LOWER PORTION OF THIS SLIP WITH YOUR PAYMENT ***

Dept 505
PO Box 4111
Concord CA 94524-4111

Address Service Requested



#BWNF17F #PRA629609666/0849

CHRIS WILLIAMS
2957 FRONT ST
SAN DIEGO CA 92101-1905

Pay by credit card by completing and signing this form.
$18 minimum payment required for credit card transactions.

| MASTERCARD | VISA | DISCOVER | AMERICAN EXPRESS |

| CARD NUMBER | AMOUNT |
| NAME ON CARD | |
| SIGNATURE | EXP DATE |
| ACCOUNT/REFERENCE NO: 0216801100508949 | |

001Z
PORTFOLIO RECOVERY ASSOCIATES LLC
P O BOX 12914
NORFOLK VA 23541

**Payment Plan Coupon #1**

For ARROW FINANCIAL SERVICES
LLC/GOOD GUYS account
#0216601100508949 owned by Portfolio
Recovery Associates, LLC

Payment due: $18.00

Due date: September 22, 2007

Make check payable to Portfolio Recovery
Associates, LLC and mail to:

    Portfolio Recovery Associates, LLC
    P.O. Box 12914
    Norfolk, VA 23541

**Payment Plan Coupon #2**

For ARROW FINANCIAL SERVICES
LLC/GOOD GUYS account
#0216601100508949 owned by Portfolio
Recovery Associates, LLC

Payment due: $18.00

Due date: October 22, 2007

Make check payable to Portfolio Recovery
Associates, LLC and mail to:

    Portfolio Recovery Associates, LLC
    P.O. Box 12914
    Norfolk, VA 23541

**Payment Plan Coupon #3**

For ARROW FINANCIAL SERVICES
LLC/GOOD GUYS account
#0216601100508949 owned by Portfolio
Recovery Associates, LLC

Payment due: $54.00

Due date: November 21, 2007

Make check payable to Portfolio Recovery
Associates, LLC and mail to:

    Portfolio Recovery Associates, LLC
    P.O. Box 12914
    Norfolk, VA 23541

**Payment Plan Coupon #4**

For ARROW FINANCIAL SERVICES
LLC/GOOD GUYS account
#0216601100508949 owned by Portfolio
Recovery Associates, LLC

Payment due: $54.00

Due date: December 21, 2007

Make check payable to Portfolio Recovery
Associates, LLC and mail to:

    Portfolio Recovery Associates, LLC
    P.O. Box 12914
    Norfolk, VA 23541

**Payment Plan Coupon #5**

For ARROW FINANCIAL SERVICES
LLC/GOOD GUYS account
#0216601100508949 owned by Portfolio
Recovery Associates, LLC

Payment due: $54.00

Due date: January 20, 2008

Make check payable to Portfolio Recovery
Associates, LLC and mail to:

    Portfolio Recovery Associates, LLC
    P.O. Box 12914
    Norfolk, VA 23541

**Payment Plan Coupon #6**

For ARROW FINANCIAL SERVICES
LLC/GOOD GUYS account
#0216601100508949 owned by Portfolio
Recovery Associates, LLC

Payment due: $54.00

Due date: February 19, 2008

Make check payable to Portfolio Recovery
Associates, LLC and mail to:

    Portfolio Recovery Associates, LLC
    P.O. Box 12914
    Norfolk, VA 23541

**Payment Plan Coupon #7**

For ARROW FINANCIAL SERVICES
LLC/GOOD GUYS account
#0216601100508949 owned by Portfolio
Recovery Associates, LLC

Payment due: $54.00

Due date: March 20, 2008

Make check payable to Portfolio Recovery
Associates, LLC and mail to:

    Portfolio Recovery Associates, LLC
    P.O. Box 12914
    Norfolk, VA 23541

**Payment Plan Coupon #8**

For ARROW FINANCIAL SERVICES
LLC/GOOD GUYS account
#0216601100508949 owned by Portfolio
Recovery Associates, LLC

Payment due: $54.00

Due date: April 19, 2008

Make check payable to Portfolio Recovery
Associates, LLC and mail to:

    Portfolio Recovery Associates, LLC
    P.O. Box 12914
    Norfolk, VA 23541

Cut Payment Coupons out along dotted lines and mail in with your checks.

EXHIBIT "B"

Portfolio Recovery Associates, LLC
120 Corporate Boulevard
Norfolk, VA  23502

P. O. BOX 12914
NORFOLK, VA 23541
FORWARD & ADDRESS CORRECTION

Sep 17, 2007

D4NA
CHRIS WILLIAMS
2067 FRONT ST
SAN DIEGO, CA 92101

Re:    Request for Additional Information 0216601100508949
       ARROW FINANCIAL SERVICES LLC/GOOD GUYS

We are in receipt of your recent request for additional information pertaining to the account referenced above:

Account holder's name:              CHRIS WILLIAMS
Account holder's address:           2067 FRONT ST  SAN DIEGO, CA 92101
Date of the loan:                   7/27/2000
Account holder's last 4 digits of SSN: ██
PRA purchased this account:         5/24/2007
The current outstanding balance is: *$362.81

Contact us toll-free at 1 (800) 772-1413 to discuss payment arrangements.
8 AM - 10 PM Monday through Thursday, 8 AM - 8 PM Friday & 8 AM - 2 PM Saturday (EST)
Contact us at help@portfoliorecovery.com to communicate with us by e-mail.

Various Payment Options Available Including:

PAY BY PHONE:      Authorize automatic withdrawals from your bank account.

CHECK:             Make check payable to Portfolio Recovery Associates, LLC and send to
                   Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA  23541.

CREDIT CARD:       Call to discuss this option with one of our representatives.

ON-LINE:           Pay on-line at www.portfoliorecovery.com.

*Interest continues to accrue on this account and will accrue until the account is satisfied, unless the interest has been suspended. The stated balance includes interest as of the date of this letter.  You may contact us to obtain an exact pay-off amount for a future date.

This letter is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose

**SEE ADDITIONAL PAGE FOR IMPORTANT INFORMATION**

Payment by Credit Cards--Transaction Fees
MasterCard, Visa & Discover: $5 per $150
American Express: $7 per $150

### Privacy Notice

We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We may disclose the following kinds of nonpublic personal information about you: (a) information we receive from you, such as your name, address, social security number; (b) information about your transactions with Portfolio Recovery Associates or any other of our affiliates or others, such as your account balance, payment history, parties to transactions, and account usage; and (c) information we receive from a consumer reporting agency, such as your credit history.

We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law.

We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**We are required under state law to notify consumers of the following rights.**
**This list does not include a complete list of rights consumers have under state and federal laws.**

1. **California:** As required by Law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation. The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except in unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov Nonprofit credit counseling services may be available in your area.

2. **Colorado:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC CADCMAIN.CFM.

3. **Maine:** Telephone number at licensed location is (888) 772-7326 Hours of operation at licensed location (EST): 7:30 AM to 11 PM EST Monday through Friday, 8 AM to 5 PM EST Saturday, and 2 PM to 9 PM EST Sunday.

4. **Massachusetts:** Office located 49 Winter St. Weymouth, MA 02188. Telephone number: (888) 772 7326 Hours of operation (EST 7:30 AM to 11 PM EST Monday through Friday, 8 AM to 5 PM EST Saturday, and 2 PM to 9 PM EST Sunday. **"NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR."**

5. **New York City:** City of New York License Number 1096994.

6. **North Carolina:** Collection Agency Permit No. 4132

7. **Utah:** As required by Law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

## *State of Virginia*

City of Norfolk ss

I, the undersigned, Connie Washington, Administrative Manager, for Portfolio Recovery Associates, LLC hereby depose, affirm and state, to the best of my understanding and belief:

1.   I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein.

2.   According to the account records provided to the Account Assignee by Arrow Financial Services ("Account Seller"), there was due and payable from WILLIAMS; CHRIS, ("Debtor") to the Account Seller the sum of $ 358.68 with respect to account number 0216601100508949, as of 05/24/07.

3.   According to the account records of the said Account Assignee, which account records are maintained in the ordinary course of business, the account, and all proceeds of the account, are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on 05/24/07. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever. At the time of the sale and assignment of the said account by the Account Seller, there was due and owing the sum of $ 358.68, there being no known un-credited payments, just counterclaims or offsets against the said debt as of the date of the sale

Portfolio Recovery Associates, L.L.C.

By: Connie Washington, Administrative Manager

Subscribed and sworn to before me on 9/18/2007

PORT

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHRISTOPHER WILLIAMS | PORTFOLIO RECOVERY ASSOCIATES, LLC |

2008 AUG -8 PM 4: 02

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY: ___ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
SHEWRY & VAN DYKE, LLP, 402 West Broadway, Suite 950
San Diego, CA 92101; (619) 233-8824

Attorneys (If Known)

**'08 CV 1452 IEG AJB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | **SOCIAL SECURITY** | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 861 HIA (1395ff) | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 862 Black Lung (923) | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 865 RSI (405(g)) | | |
| | | **IMMIGRATION** | | | |
| | | ☐ 462 Naturalization Application | | | |
| | | ☐ 463 Habeas Corpus - Alien Detainee | | | |
| | | ☐ 465 Other Immigration Actions | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692, et seq.

Brief description of cause:
Civil Claims for violation of Federal & State Debt Collection practice laws.

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions:)   JUDGE ___   DOCKET NUMBER ___

DATE  8/8/08

SIGNATURE OF ATTORNEY OF RECORD   _Michelle Van Dyke_

**FOR OFFICE USE ONLY**

RECEIPT # 153854   AMOUNT $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

JAC  8/8/08



**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153854    — TC**

**August 08, 2008**
**16:07:58**

**Civ Fil Non-Pris**
USAO #.: 08CV1452
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC11324

**Total—> $350.00**

FROM: CHRISTOPHER WILLIAMS
            VS
            PORTFOLIO RECOVERY SERVICES